# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA M. CARRASQUILLO**, individually and as Administratrix of the Estate of Rafael Santiago, deceased : <br> *Plaintiff* : <br> : <br> **v.** : <br> : <br> **NANCY KELLY**, *et al*. : <br> *Defendants* : | | **CIVIL ACTION** <br><br> **NO. 17-4887** |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                     APRIL 17, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

This is a declaratory judgment action originally filed in state court by Plaintiff Anna M. Carrasquillo, individually and as Administratrix of the Estate of Rafael Santiago, deceased, ("Carrasquillo"), against Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") and its insured, Defendant Nancy Kelly ("Nancy Kelly"). Nationwide removed this matter to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a). [ECF 1]. In her declaratory judgment complaint, Carrasquillo seeks a declaration that Nationwide owes a duty to defend and to indemnify Nancy Kelly, Nationwide's insured, in a pending underlying state court personal injury/wrongful death and survival action between Carrasquillo and Nancy Kelly. Nationwide moved for judgment on the pleadings based on the applicability of multiple insurance policy exclusions. [ECF 6]. Carrasquillo opposed the motion. [ECF7]. This Court, however, directed the parties to file supplemental briefs to address whether an actual and justiciable controversy and/or subject matter jurisdiction exists in this matter. [*See* ECF 9]. Though both parties in their supplemental briefs contend that subject matter jurisdiction exists, [ECF 10, 11], this Court disagrees, and finds a lack of subject matter jurisdiction over this

removed case. Therefore, pursuant to 28 U.S.C. §1447(c)[1] this matter is remanded to the state court from which it came.

**BACKGROUND**

The relevant facts set forth are derived from the declaratory judgment complaint and are construed in Carrasquillo's favor. Briefly:

> On October 5, 2014, Rafael Santiago ("Santiago") was staying at Nancy Kelly's home in Philadelphia, when he was fatally shot by James Kelly, who also resided in that home. [ECF 1, State Court Compl. at ¶6]. As a result of Santiago's death, Carrasquillo filed a wrongful death and survival action against Nancy Kelly and James Kelly in the Philadelphia Court of Common Pleas, (the "State Court Complaint"), and alleged, *inter alia*, that Santiago's death was caused by Nancy Kelly's negligent acts. [*Id*. at 7].
>
> At the time of the fatal shooting, Nancy Kelly had in effect a homeowner's insurance policy issued by Nationwide. [*Id*. at ¶8]. In the declaratory judgment complaint, Carrasquillo alleges that she and Nancy Kelly requested that Nationwide defend Nancy Kelly and indemnify Carrasquillo for the bodily injury claims asserted in the State Court Complaint, and that Nationwide refused. [*Id*. at ¶¶9, 10]. Although Carrasquillo has not alleged that she is the assignee of Nancy Kelly's rights under the insurance policy at issue, she seeks a judicial declaration that Nationwide has a duty to defend and to indemnify Nancy Kelly. [*See generally id*.].

**DISCUSSION**

The Declaratory Judgment Act permits a district court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. §2201(a). However, before granting or denying such relief, a court must determine whether an "actual controversy" exists within the meaning of the

---

[1] Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

Declaratory Judgment Act.[2] *See id*.; *Spivey Co. v. Travelers Ins. Cos.*, 407 F. Supp. 916, 917 (E.D. Pa. 1976). Though there is no precise definition as to what constitutes an "actual controversy" for purposes of both the Declaratory Judgment Act and Article III of the Constitution, at the very least, the facts alleged in a complaint must present a substantial controversy between adverse parties of sufficient immediacy and reality as to warrant a declaratory judgment. *Maryland Cas. Co. v. Pacific Coal & Oil Co*., 312 U.S. 270, 273 (1941).

To show Article III standing, a plaintiff must identify "(1) a cognizable injury that is (2) causally connected to the alleged conduct and is (3) capable of being redressed by a favorable judicial decision." *Williams v. BASF Catalysts LLC,* 765 F.3d 306, 327 (3d Cir. 2014) (quoting *Pa. Family Inst., Inc. v. Black,* 489 F.3d 156, 165 (3d Cir. 2007)) (internal quotation marks omitted). However, "[e]ven when a case falls within these constitutional boundaries, a plaintiff may still lack standing under the prudential principles by which the judiciary seeks to . . . limit access to the federal courts to those litigants best suited to assert a particular claim." *Gladstone Realtors v. Vill. of Bellwood,* 441 U.S. 91, 99–100 (1979). In order to establish standing, a plaintiff must show, among other things, that she is asserting her "own legal interests rather than those of third parties." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804 (1985).

As noted, both parties contend in their respective supplemental briefs that an actual and justiciable controversy exists and that this Court, therefore, has subject matter jurisdiction over

---

[2] Though Nationwide did not raise the issue of subject matter jurisdiction in its motion, this Court has the authority to raise it *sua sponte*. *See B&P Holdings I, LLC v. Grand Sasso, Inc.*, 114 F. App'x 461, 465 (3d Cir. 2004) (citing *Kontrick v. Ryan*, 540 U.S. 443 (2004)). In addition, the parties cannot waive or stipulate to this Court's subject matter jurisdiction. *See Sosna v. Iowa*, 419 U.S. 393, 398 (1975) ("While the parties may be permitted to waive nonjurisdictional defects, they may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy'"). As noted, by Order dated February 22, 2018, this Court directed the parties to file supplemental briefs addressing whether an actual and justiciable controversy exists and whether this Court has subject matter jurisdiction over this matter. [ECF 9]. The parties addressed the issues by way of their supplemental briefs. [ECF 10, 11].

this matter. To support their contentions, the parties primarily rely upon two non-binding decisions from other jurisdictions which have never been cited favorably in this jurisdiction.[3] Notably, neither party cites to any opinion from this Circuit holding that an injured third party has standing to bring a declaratory judgment action against the insurance company of the insured tort-feasor.[4]

It appears that the precise standing issue presented by this case is one of first impression and has not yet been addressed by the United States Court of Appeals for the Third Circuit ("Third Circuit"). However, on two occasions, the Third Circuit has held that an injured third party has standing ***to defend*** itself in a declaratory judgment action brought by an insurer against its insured and the injured third party. *See American Automobile Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011); *Federal Kemper Insurance Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986). These cases, however, are distinguishable from the matter at hand. In each of these two cases, the insurance company initiated the declaratory action and named the insured and the injured third party as defendants. The Third Circuit specifically analyzed whether an injured party had standing to assert a defense when named in a declaratory action brought by the insurance company. Accordingly, the cases are inapplicable.

---

[3]   In Carraasquillo's brief, which Nationwide incorporates in its own, Carrasquillo relies upon a Maryland state case, *Howard v. Montgomery Mut. Ins. Co*., 805 A.2d 1167 (M.D. App. 2002), which applies Maryland law, and a Seventh Circuit case, *Bankers Trust Co. v. Old Republic Ins. Co*., 959 F.2d 677 (7th Cir. 1992), neither of which has been cited by any court in this jurisdiction to support the parties' jurisdictional argument here.

[4]   Nationwide also relies upon a number of cases which address a district court's discretion to exercise its jurisdiction under the Declaratory Judgment Act and the application of the so-called *Reifer* factors. These cases, however, have no bearing on the issue raised by this Court and on which it sought supplemental briefing, *i.e.*, whether an actual case or controversy exists between Carrasquillo and Nationwide such that this Court has subject matter jurisdiction over this matter in the first place.

In *Rauscher*, the insurer (Federal Kemper) sued the insured motorist (Rauscher) and the parties injured in an automobile accident allegedly caused by Rauscher. 807 F.2d at 346–47. The suit was a declaratory judgment action to determine whether or not the insurer was obliged to defend and indemnify Rauscher in a personal injury suit filed by the injured parties against Rauscher. *Id.* at 347–48. Rauscher, the insured, did not answer the declaratory judgment complaint and a default judgment was entered against him. *Id.* at 348. The district court simultaneously entered a judgment against the injured parties, finding their rights against the insurer were "purely derivative" of Rauscher's rights as a policyholder. *Id.* at 348–49. The Third Circuit reversed, holding that an injured party has standing **to defend** a declaratory judgment action brought by an insurer. *Id.* at 352–53. In its holding, the *Rausher* court considered "especially persuasive" that the "insurance company in this case initiated the action and brought the [injured third party] into federal court" because "it would be anomalous to hold that the [injured third party] should not be given an opportunity to establish their case against [the insurance company] because of a default which they could not prevent." *Id*. at 355.

Similarly, in *Murray*, the insurance company named the injured third party as a defendant in the insurance company's declaratory judgment action. 658 F.3d at 320, n. 5. Summarizing and relying on *Rauscher*, the *Murray* court "recognized that a 'case or controversy' must exist between the insurance company and the injured third party under such circumstances, ***since the insurance company brought the declaratory judgment against the injured third party*** in the hope of attaining a binding judgment against both the insured and the injured party." *Id*. at 319 (emphasis added). As such, though *Rausher* and its progeny allowed an injured party to defend itself in a declaratory judgment action brought by an insurance company, this Court believes that it would go beyond the Third Circuit's holding to allow an injured third party, such as

5

Carrasquillo, to bring a declaratory judgment action against an insurance company. This Court is unaware of any cases citing *Murray* or *Rauscher* as allowing an injured third party to directly, without an assignment, bring a declaratory judgment action against the insurance company of the insured tort-feasor.

Indeed, several Pennsylvania district court decisions have noted the limitation in *Rauscher*. *See, e.g., Brotherhood Mut. Ins. Co. v. Salem Baptist Church of Jenkintown*, 2012 WL 1526851, at *2 (E.D. Pa. Apr. 30, 2012 ) (stating that *Rauscher* held "that an injured party has standing ***to defend*** a declaratory judgment action brought by an insurer.") (emphasis added); *Nationwide Mutual Ins. Co. v. Bellmore Merrick Central High School*, 2005 WL 1385204, at *3 n.2 (M.D. Pa. June 10, 2005) (citing *Rauscher* for the statement that "although the underlying [injured third parties] cannot bring a direct action at present, they do have standing ***to defend*** the instant declaratory action.") (emphasis added); *Markel Ins. Co. v. Woodrock, Inc.*, 2004 WL 1551734, at *1 (E.D. Pa. July 8, 2004) (citing *Rauscher* and stating that "[d]espite the entry of default against [the insured], Gorbey and Camp Sunshine, as parties in the underlying action, still have standing ***to defend*** this declaratory judgment action.") (emphasis added); *Sun Ins. Office Ltd. v. Neff*, 1990 WL 151798, at *4 (E.D. Pa. Oct. 4, 1990) (describing *Rauscher* as providing that a "party injured by a person holding insurance is a proper party to a declaratory judgment action, ***when initiated by the insurance company*** against the policy holder to determine whether the company has any liability.") (emphasis added).

In addition, at least one district court in this Circuit post-*Rauscher* has found a lack of standing under identical circumstances. In *Thomas v. Pennland Ins. Co.*, 1996 WL 379376 (E.D. Pa. June 27, 1996), the Honorable Donald W. VanArtsdalen dismissed a declaratory judgment

action brought by an injured third party against the insurance company of the insured tort-feasor for lack of standing. In analyzing the standing issue, Judge VanArtsdalen found:

> Declaratory judgment actions brought by policy holders and by liability insurance carriers to determine issues of coverage are routinely litigated in federal courts. Again, this case is quite different from the run of the mill (or mine) declaratory judgment action. The plaintiffs are injured third parties, not the insured parties. There is no contract of insurance between the plaintiffs and the defendant insurance company. The complaint does not even allege that the plaintiffs will be unable to recover from Michael J. Brown, personally or through other insurance policies, full recovery for whatever damages they may have sustained. Neither liability nor the amount of damages has ever been established by judicial proceedings or settlement.

*Id.* at *2. Judge VanArtsdalen concluded that the injured third party lacked standing to bring the declaratory judgment action against the insurance company. *Id.*; *see also Wohl v. Wilkoski*, 1989 WL 64426, at *1 (E.D. Pa. June 14, 1989) (referencing dismissal of declaratory judgment action brought by injured third party against insurance company of insured tort-feasor due to lack of standing).

Here, unlike the plaintiffs in *Rauscher* and *Murray*, but like the plaintiff in *Thomas*, Carasquillo, rather than the insurance company, initiated this declaratory judgment action and seeks to dictate the terms of the contractual relationship between Nationwide and Nancy Kelly. Under these circumstances, this Court finds that Carrasquillo lacks standing to do so because she seeks a declaration about third parties' legal interests rather than her own. As noted, in her declaratory judgment complaint, Carrasquillo has requested a declaration that Nationwide has a duty to defend and to indemnify Nancy Kelly for the personal injury/wrongful death and survival claims asserted in the underlying state court litigation. (*See* Compl. at ¶11). In so doing, Carrasquillo is requesting a declaration regarding what an insurer (Nationwide) is required to do for its insured (Nancy Kelly), and not about what the insurer (Nationwide) is required to do for

7

Carrasquillo. Clearly, Carrasquillo is asserting the legal interests of a third party (Nancy Kelly) rather than her own and, thus, has no standing to pursue such a claim. Further, Carrasquillo has not alleged that she has been assigned any rights of Nancy Kelly under the Nationwide insurance policy at issue. Thus, Carrasquillo has not presented to this Court an actual and justiciable controversy sufficient to provide the Court with subject matter jurisdiction over this action.[5] Accordingly, since this Court lacks subject matter jurisdiction, this matter must be remanded to the state court from which it came.

**CONCLUSION**

For the reasons stated herein, this Court lacks subject matter jurisdiction over this declaratory judgment matter. Therefore, pursuant to 28 U.S.C. §1447(c), this matter is remanded to the state court from which it came. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[5] It is well-settled that "Article III standing is essential to federal subject matter jurisdiction and is thus 'a threshold issue that must be addressed before considering issue of prudential standing.'" *Hartig Drug Co. Inc. v. Senju Pharmaceutical Co. Ltd.*, 836 F.3d 261, 269 (3d Cir. 2016) (citations omitted).